## Commonwealth v. Harvey

*Samuel F. Bonavita*, for Commonwealth.
*David W. Swanson*, for defendant.

FLICK, P. J., March 8, 1962.—On information of Trooper Raymond Anderson of the Pennsylvania

State Police, defendant was charged with violation of section 502 of The Vehicle Code of April 29, 1959, P. L. 58, as amended. Hearing before the justice of the peace was waived, and defendant filed a bond for appearance for trial before a judge of the court of quarter sessions. The trial was held March 8, 1962, defendant being present and represented by counsel.

Section 502 of The Vehicle Code provides, inter alia:

"Registration plate or plates issued in the 'Dealer's Class' may be used on any motor vehicle, tractor, trailer or semi-trailer, owned or in the possession of a manufacturer, jobber or dealer, and operated by such manufacturer, jobber or dealer, or the employe of such manufacturer, jobber or dealer, when such motor vehicle, tractor, trailer, or semi-trailer is used (1) in the motor vehicle or tractor business of such manufacturer, jobber or dealer, . . . or for the personal pleasure of the regular employes of such manufacturer, jobber, dealer or corporation when operated by such employe . . ."

At the trial, testimony was given on behalf of the Commonwealth by Trooper Anderson, and one William Johnston. For the defense, testimony was given by defendant and by his employer.

There is no conflict in the testimony. The proven facts are as follows: defendant resides in Columbus Township, Warren County. For eight years he has been employed by Turbins Auto Service, a Chevrolet dealer. On November 26, 1961, defendant transported a load of Christmas trees from his home to the home of William Johnston in Corry, Pennsylvania, using a truck owned by his employer and bearing dealer's registration plates. The trees had been planted by a previous owner and were growing on about one acre of defendant's property when he purchased the premises. Wishing to enlarge his lawn, defendant de-

cided to remove the trees. As they were of Christmas tree size, he decided to try to sell them as such and he made a business arrangemenpt whereby he would deliver the trees at William Johnston's home; Johnston would sell what he could and they would divide the proceeds. With permission, he used one of his employer's trucks to transport the trees and was arrested in the process. Defendant is not and has never been in the Christmas tree business. His primary purpose was to clear his land and he and William Johnston made $80 each under their agreement.

The only defense offered was the argument of defendant's counsel that the sale of the trees which defendant wished to clear off his land was a small, incidental business activity; that defendant should not be penalized merely because he tried to make an honest dollar when he cleared his land, instead of burning or otherwise destroying the trees he wished to remove.

The use defendant made of his employer's truck bearing dealer's plates was no doubt a "one shot", small business venture. However, it was a business use and not for his personal use. The Vehicle Code provides that motor vehicles with dealer's plates may be used under certain specific circumstances, including the personal use of an employe of a dealer. Business of an employe is not included in those uses which are permitted.

Wherefore, defendant is found guilty and is summoned before the court forthwith for sentence.

And now, March 8, 1962, the court does hereby sentence the above named defendant, Mark S. Harvey, on a charge of operating a motor vehicle bearing dealer's registration plates for a purpose not authorized by The Vehicle Code, to wit: a personal business venture; to pay the costs of prosecution, to pay a fine of $10, and said defendant is committed to the custody of the proper officers until said sentence is complied with.